IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

  -vs-                                                        CRIMINAL No. 00-0095 LH

ROBERT MANUELITO, BRANDON
CHERESPOSY, and DAVID SARRACINO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes on for consideration of Defendants' Motion to Dismiss Superseding Indictment (Docket No. 102), filed September 22, 2000. The Court, having considered the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion is not well taken and will be **denied**.

Defendants Sarracino and Cheresposy move for dismissal of the Superseding Indictment on grounds of prosecutorial vindictiveness. They argue that "[t]he Superseding Indictment was sought primarily to up the ante and force the defendants to accept the prosecutions plea proposal." (Dfs.' Mot. Dismiss Superseding Indictment at ¶ 11.)

As the government maintains, the facts of this case appear to fall four-square within *Bordenkircher v. Hayes*, 434 U.S. 357 (1978); *see also United States v. Goodwin*, 457 U.S. 368 (1982). Not only is a presumption of vindictiveness inapplicable to the "give-and-take" of plea negotiations, but even a showing of actual vindictiveness, as in *Bordenkircher* where the prosecutor threatened to add a habitual offender charge if the defendant refused to plead guilty, thereby

increasing the potential sentence from two to ten years to life, does not necessarily warrant dismissal of the indictment.  In *Bordenkircher* the prosecutor's threats did not establish improper motive: prosecutors enjoy broad discretion to select the charges against an accused, and "[a] charging decision does not levy an improper 'penalty' unless it results solely from the defendant's exercise of a protected legal right, rather than the prosecutor's normal assessment of the societal interest in prosecution."  *Goodwin*, 457 U.S. at 380 nn.11, 12.  Thus, "[a]n initial decision should not freeze future conduct[;] the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution."  *Id.* at 383.  Furthermore, it is not clear that Defendants even have identified a protected right against which the government could have retaliated.  Under either indictment, they are entitled to and will receive a trial by jury.  *Cf. United States v. Wall*, 37 F.3d 1443, 1449-50 (10th Cir. 1994)(tactical decision to seek partial severance of charges cannot permit charge of vindictiveness when government subsequently files superseding indictments in later trials).

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Superseding Indictment (Docket No. 102), filed September 22, 2000, is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**